UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil No. 03-71840 |
| v. ) ) | Hon. Arthur J. Tarnow |
| GARY L. MONROE, WILLIAM J. RAUWERDINK, JOHN R. MESSINGER, and ROBERT T. BASSMAN, ) ) ) ) | |
| Defendants. ) | |

## FINAL JUDGMENT AS TO DEFENDANT WILLIAM J. RAUWERDINK

The Securities and Exchange Commission having filed a Complaint and Defendant William J. Rauwerdink ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 thereunder [17 C.F.R. §§ 240.13b2-1 and 13b2-2] by:

(a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(b) falsifying or causing to be falsified, directly or indirectly, any book, record or account of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; or

(c) making or causing to be made material false or misleading statements, or omitting or causing another to omit a material fact necessary to make a statement not misleading, to an accountant in connection with an audit or examination of financial statements or a document or report required to be filed with the

Commission.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or an issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that:

1. files materially untrue, incorrect, false or misleading annual reports;

2. files materially untrue, incorrect, false or misleading quarterly reports;

3. fails, in addition to information expressly required to be included in statements or reports filed with the Commission, to add such further material information, if any, as may be necessary to make required statements, in light of the circumstances under which they are made, not misleading;

4. fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets; or

5. fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    (a)    transactions are executed in accordance with management's general or specific authorization;

    (b)    transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets;

    (c)    access to assets is permitted only in accordance with management's general or specific authorization; or

    (d)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims for disgorgement, prejudgment interest thereon, and civil penalties are dismissed with prejudice.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __MAR 0 7 2008__

HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE